■ NEW YORK KANDY KARD CORP., Respondent-Appellant, v. BARTON'S CANDY CORPORATION, Appellant-Respondent, and STEPHEN KLEIN et al., Respondents.— Order entered June 14, 1968, unanimously modified on the law, without costs and without disbursements, to the extent of granting summary judgment to defendant-appellant on the first counterclaim, directing an assessment thereof, and staying execution on that assessment and of the assessment under the second counterclaim pending the trial of the first and second causes of action in the complaint, and otherwise affirmed. Order entered August 2, 1968, denying stay of the action pending disposition pursuant to CPLR 3031–3037 unanimously affirmed, without costs and without disbursements. The first counterclaim did not comply with the permissive procedure provided by CPLR 3016 (subd. [f]) in that there was insufficient specificity of the items claimed to have been sold and delivered. However, on the motion for summary judgment, defendant-appellant did supply detailed invoices breaking down each item listed in the complaint (Exhibit D to affidavit of Klein, Feb. 16, 1968), as to which there were no denials in plaintiff's surreply (affidavit of Shapiro, March 19, 1968). Indeed, as to some of these items, purchases and delivery were admitted. Summary judgment should, therefore have been granted and assessment directed. Because of uncertainty, however, as to the outcome of the main trial on the tort and breach of contract issues, it is proper to have execution on this assessment, as well as that directed as to reasonable value of use and occupancy of the held-over premises, delayed pending that trial. Though the contract between the parties provided for use of simplified procedures

(CPLR 3031–3037) as to any controversy arising thereunder, defendant-appellant participated in the litigation to the extent that Special Term properly regarded that conduct as a waiver of such provision. Further, the issues under the first cause, sounding in tort, certainly do not come under the clause providing for simplified procedure, and it would be wasteful, inefficient, and, indeed, a complicated rather than simple procedure to try that issue alone and report to simplified procedures for the issue of breach of contract. The method herein approved for disposition of the main case and the assessments is actually the simplest procedure possible in the circumstances. Concur — Stevens, P. J., Tilzer, McGivern, Markewich and Nunez, JJ.